UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONAVAN PULLEN, | ) | 1:07-CV-01637 AWI GSA HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS |
| JAMES A. YATES, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On November 13, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner raises two grounds for relief: 1) Petitioner claims the trial court erred when it imposed a restitution fine of $200.00; and 2) Petitioner claims he received ineffective assistance of counsel for counsel's failure to challenge the restitution fine.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In this case, Petitioner fails to state a cognizable federal claim. In both claims for relief, Petitioner relies entirely on state law. Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Further, Petitioner does not allege that the adjudication of his claims in state court "resulted in a

1  decision that was contrary to, or involved an unreasonable application of, clearly established Federal
2  law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ."
3  28 U.S.C. § 2254. Petitioner challenges the application of state law and raises only state law claims.
4  Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62,
5  67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of
6  state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333,
7  348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level
8  of a constitutional violation, may not be corrected on federal habeas"). In addition, Federal courts are
9  bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399
10 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Therefore, the petition should be dismissed for failure
11 to state a claim.

12        In addition, both of Petitioner's claims are completely without merit. The sentencing court
13 initially imposed a restitution fine of $100.00. However as noted by the appellate court, the
14 minimum restitution fine is $200.00 pursuant to Cal. Penal Code § 1202.4(b)(1). See Exhibit A,
15 Petition. Thus, when the sentencing court imposed a restitution fine of $200.00 after parole was
16 revoked, the court was merely correcting its previous error and modifying the judgment to reflect the
17 proper statutory minimum. Therefore, there is no merit to Petitioner's claim of an illegal sentence.
18 For this same reason, Petitioner also fails to show that counsel erred by failing to challenge the fine
19 or that he suffered any prejudice due to counsel's alleged failure. See Strickland v. Washington, 466
20 U.S. 668, 684 (1984). The petition should be dismissed.

21                              **RECOMMENDATION**

22        Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas
23 corpus be SUMMARILY DISMISSED with prejudice.
24        This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
25 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
26 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
27 California.
28        Within thirty (30) days after being served with a copy, any party may file written objections

1  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
3  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
4  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
5  parties are advised that failure to file objections within the specified time may waive the right to
6  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:** **November 26, 2007**      /s/ **Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE